CRAWLEY, Presiding Judge,
concurring specially.
I write specially to address the concerns raised by Judge Thompson in his special concurrence. Although the policy of allowing a parent the alternative of voluntarily transferring custody to a relative rather than involving the Department of Human Resources (“DHR”) when that parent’s parenting ability has been called into question might be reason for concern, I do not believe it is the place of this court to address that problem.
The legislature charges DHR to:
“(10) Seek out, through investigation, complaints from citizens, or otherwise, the minor children of the state who are in need of its care and protection and shall, as far as may be possible, through existing agencies, public and private, or through such other resources, aid such children to a fair opportunity in life.”
Ala.Code 1975, § 38-2-6(10). If, as Judge Thompson states, it is “easily foreseeable that a parent faced with the option provided by DHR’s policy could conspire with family members to fake a custody transfer to avoid DHR involvement, or that a child could be returned to an unsuitable parent by a relative who is unwilling or unable to continue to care for the child,” 913 So.2d at 459 (Thompson, J., concurring specially), then surely the legislature considered that possibility. Additionally, the policy in question has not been challenged before this court. We should defer to the interpretation that DHR, a part of the executive branch, has given its own policy.